UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARRANO/MARC EQUITY CORPORATION,

                      Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

                      Defendant.

**REPORT AND RECOMMENDATION**

10-CV-00612(S)(M)

---

       This action was referred to me by Hon. William M. Skretny for supervision of pretrial proceedings, including the preparation of a Report and Recommendation on dispositive motions [4, 11].[1] Before me is the motion of plaintiff Marrano/Marc Equity Corporation ("Marrano") to remand this action to State of New York Supreme Court, County of Erie [7].[2] For the following reasons, I recommend that the motion be denied. Should Judge Skretny adopt that recommendation, then I will order that Marrano and its attorneys show cause why they should not be sanctioned pursuant to Fed. R. Civ. P. ("Rule") 11(c)(3) and/or 28 U.S.C. §1927, with a briefing schedule on that issue to be set at a later date.

**BACKGROUND**

       Marrano commenced this action on July 6, 2010 by filing a Summons and Complaint [1-2] in State of New York Supreme Court, County of Erie, against defendant

---

    [1]      Bracketed references are to the CM/ECF docket.

    [2]      A motion seeking remand is considered dispositive. <u>Williams v. Beemiller, Inc.</u>, 527 F.3d 259, 266 (2d Cir. 2008).

Scottsdale Insurance Company ("Scottsdale"), alleging, *inter alia*, breach of fiduciary duty and negligence in its handling of a personal injury claim against Marrano. On July 23, 2010, Scottsdale filed a Notice [1] removing the action to this court on the basis of diversity of citizenship, since Marrano is a citizen of New York, Scottsdale is a citizen of Ohio and/or Arizona, and the amount in controversy exceeds $75,000. Id., ¶¶12-15.

On August 11, 2010, Marrano moved "to remand the above-captioned action to State Court pursuant to 28 U.S.C. §1332(c)(1)" [7], arguing that under that statute, Scottsdale should share Marrano's New York citizenship, thereby defeating diveristy. Navarro Affidavit [7], ¶¶9-10. The motion was not accompanied by a Memorandum of Law, or by any citation to legal authority other than to §1332(c)(1) itself. However, the final paragraph of the supporting Affidavit suggested in the alternative "that in the interests of judicial economy and efficiency, the case should be remanded back to State Court, as that is where a related coverage dispute between the parties is currently being litigated". Id., ¶11.

Scottsdale filed an Affidavit [13] and Memorandum of Law [13-2] in opposition to the remand motion, whereupon Marrano filed a Reply Affidavit [14] and Memorandum of Law [15] in support of its motion. By letter dated September 1, 2010, Scottsdale requested oral argument and leave to file a Sur-Reply, noting that "the issues raised by plaintiff Marrano in its reply papers . . . greatly expand the arguments raised in its motion to remand". Marrano's counsel objected to Scottsdale's request for leave to file a Sur-Reply, stating that "the issues raised in my reply were raised in my original affidavit in support of the motion to remand",

although admitting that he had "elaborated on the reasons why it would be in the interests of judicial economy and efficiency to remand it back to the State Court".[3]

Having reviewed the papers, I conclude that neither oral argument nor a Sur-Reply from Scottsdale is necessary in order to decide this motion.

**ANALYSIS**

**A.     Remand Pursuant to 28 U.S.C. §1332(c)(1).**

28 U.S.C. §1332(c)(1) states that "[i]n any *direct action* against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business" (emphasis added).

However, "simply because an insurer is a direct party does not make the litigation a 'direct action'". Rosa v. Allstate Insurance Co., 981 F.2d 669, 674 (2d Cir. 1992). "[T]he §1332(c) proviso . . . does not affect suits against the insurer based on its independent wrongs . . . . Thus, unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." Id. at 675.

Scottsdale cited Rosa and several other cases which clearly demonstrate that 28 U.S.C. §1332(c)(1) is not applicable in this case, given Marrano's allegations of "independent wrongs" by Scottsdale. *See* Scottsdale's Memorandum of Law [13-2], pp. 4-7. By contrast,

---

[3]     Copies of Scottsdale's request and Marrano's response are appended to this decision.

neither in its initial nor in its reply papers did Marrano cite any case in support of its argument that §1332(c)(1) is applicable; in fact, Marrano's reply papers do not even address Scottsdale's arguments in this regard.

Therefore, the question in my mind is not whether §1332(c)(1) warrants remanding this case to state court - it clearly does not - but whether Marrano had a good faith basis for making this argument in the first place.

B.  Remand "in the Interests of Judicial Economy and Efficiency"

1.  Should This Argument Even be Considered?

Apparently recognizing that its primary argument for remand does not have a leg to stand on, Marrano in its reply papers greatly expands on the alternative argument to which its original papers made only passing reference, namely that remand is "in the interests of judicial economy and efficiency". Marrano's Memorandum of Law [15], Point I (citing several cases in support of this argument, whereas its original papers cited none).

The initial question is whether this argument - mentioned only in the most cursory fashion in Marrano's initial motion (Navarro Affidavit [7], ¶11) and then significantly expanded upon in its reply papers - should even be considered. Rule 7(b)(1)(B) requires that a motion "must state with particularity the grounds for seeking the order". "The particularity requirement gives notice to the court and the opposing party, providing the opposing party with the opportunity to respond and providing the court with enough information to process the motion correctly". 2 Moore's Federal Practice (Third Ed. 2010), §7.03[4][a].

Nothing in Marrano's initial motion gave me "enough information to process the motion correctly". It cited no legal authority for this alternative argument, which would certainly be necessary, since "[f]ederal courts have a virtually unflagging obligation to exercise the jurisdiction given them". Elk Grove Unified School District v. Newdow, 541 U.S. 1, 21 (2004). Its conclusory reference to "the interests of judicial economy and efficiency", unaccompanied by any explanation of how those interests would be served by remand, does not satisfy Rule 7's "particularity" requirement. *See*, *e.g.*, Hoppe v. G.D. Searle & Co., 779 F.Supp. 1413, 1422-23 (S.D.N.Y. 1991) ("plaintiff has made no specific argument as to why [the defense] is legally insufficient and therefore capable of being stricken. Rather, plaintiff conclusorily states that the defense is 'moot.' This argument is insufficient under [Rule] 7(b)(1)"); Averhart v. Cook County Correction Dept., 2002 WL 123539, *2 (N.D.Ill. 2002), aff'd, 156 Fed. Appx. 842 (7th Cir. 2005) (defendant's "bare statement in its motion to dismiss that plaintiff has failed to state a prima facie case of retaliation under Title VII . . . . [i]s insufficient to comply with the particularity requirement in Rule 7").

Having failed to particularize its request for relief in its initial motion, Marrano does not have the right to "fill in the blanks" in its reply papers - particularly where, as here, it objects to Scottsdale's attempt to file a Sur-Reply. "It is well settled that arguments may not be raised for the first time in a reply brief as that tactic denies the plaintiff the opportunity to respond". Estate of Morris ex rel. Morris v. Dapolito, 297 F.Supp.2d 680, 689 n. 7 (S.D.N.Y. 2004); C.B. v. Pittsford Central School District, 2009 WL 2991564, *2 (W.D.N.Y. 2009) (Siragusa, J.) ("because Plaintiff was not given a chance to address this argument, the Court declines to consider it as part of the pending motion").

Therefore, I will not consider these arguments as a basis for remand.

## 2. Even if Considered, Does This Argument Have Merit?

Notwithstanding the fact that Marrano does not have the right to expand its arguments in its reply papers, I *might* have exercised my discretion to consider those arguments[4] (after giving Scottsdale the opportunity to file a Sur-Reply) if they potentially had merit - but they do not.

None of the authorities cited by Marrano are even remotely applicable to the facts of this case. Stahl v. Stahl, 2003 WL 22595288 (S.D.N.Y. 2003) (Marrano's Memorandum of Law [15], p. 9) involved a remand pursuant to 28 U.S.C. §1452(b), which pertains only to "removal of claims related to bankruptcy cases". Duker v. Micron Technology, Inc., 2004 WL3019428 (N.D.N.Y. 2004), Freeman v. Great Lakes Energy Partners LLC, 144 F. Supp. 2d 201 (W.D.N.Y. 2001) and Mehlenbacher v. Akzo Nobel Salt, Inc., 207 F. Supp. 2d 71 (W.D.N.Y 2002) (Marrano's Memorandum of Law, pp. 9-10) each involved class actions in which not all of the members met the "amount in controversy" requirement for diversity jurisdiction. This case, however, is not a class action, and Marrano "is not contesting defendant's assertion that the amount in controversy requirement is met for federal jurisdiction purposes". Navarro Affidavit [7], ¶6.

---

[4] "Arguments made for the first time in a reply brief need not be considered by a court. Assuming that is so, the district court had discretion to consider it." Ruggiero v. Warner-Lambert Co., 424 F.3d 249, 252 (2d Cir. 2005).

Therefore, none of Marrano's authorities furnish even arguable support for its contention that remand is warranted "in the interests of judicial economy and efficiency".

C.     **Are Sanctions Warranted?**

Since I recognize that not all issues are black and white, I am reluctant to penalize a party, or its attorney, for advancing an argument which ultimately proves unpersuasive, as long as I can see *some* basis for the argument. However, for the reasons previously stated, I can see no basis - much less a reasonable basis - for this motion having been made.

Opposing the motion has cost Scottsdale time and expense which it might better have devoted elsewhere, and deciding the motion has taken time which I might better have devoted to other matters awaiting my decision. Given the number of active cases pending in this district, addressing clearly non-meritorious arguments is a luxury that none of us can afford.

Therefore, consideration should be given to the imposition of some type of sanction under Rule 11 or 28 U.S.C. §1927. The fact that Scottsdale has not requested sanctions does not foreclose inquiry as to whether they are appropriate. "The Second Circuit has prescribed two separate standards of culpability under Rule 11, depending upon who initiates sanction proceedings: those initiated by a party are subject to an objective unreasonableness standard, and those initiated by the court are subject to the heightened standard of subjective bad faith." Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F. Supp.2d 197, 200 (S.D.N.Y.2007); In re Pennie & Edmonds, LLP, 323 F.3d 86, 91-92 (2d Cir. 2003); *see also* Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 431 (7th Cir. 1997) (awarding sanctions for a frivolous remand motion "that wasted the court's and defendant's time").

**CONCLUSION**

For these reasons, I recommend that plaintiff's motion to remand [7] be denied. If Judge Skretny adopts this recommendation, then I will further order that Marrano and its attorneys show cause why they should not be sanctioned for filing this motion, pursuant to Rule 11(c)(3) and/or 28 U.S.C. §1927. A briefing schedule as to that issue will be set at a later date.

Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by September 20, 2010 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), may result in the district judge's refusal to consider the objection.

**SO ORDERED.**

DATED: September 3, 2010

                                                /s/ Jeremiah J. McCarthy
                                                JEREMIAH J. MCCARTHY
                                                United States Magistrate Judge